FILED

2017 JUN 19 PM 5: 10

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLISON OSMOND f/k/a ALLISON NEAL,

    Plaintiff,

-vs-                              CASE NO.: 6:17-CV-1121-ORL-31-KRS

CREDIT ONE BANK, N.A.,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, ALLISON OSMOND f/k/a ALLISON NEAL, by and through the undersigned counsel, and sues Defendant, CREDIT ONE BANK, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CREDIT ONE BANK, N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner

1

at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014."

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Orange County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2),

as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, CREDIT ONE BANK, N.A., is a corporation with its principal place of business located at 585 Pilot Road Las Vegas, Nevada 89119 and which conducts business in the State of Florida.

14. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

16. CREDIT ONE BANK, N.A. called Plaintiff on Plaintiff's cellular telephone approximately hundreds of times in an attempt to collect a debt.

17. CREDIT ONE BANK, N.A. attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

18. CREDIT ONE BANK, N.A. intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

19. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line from CREDIT ONE BANK, N.A.

20. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (407) ***-0705, and was the called party and recipient of Defendant's calls.

21. CREDIT ONE BANK, N.A. placed an exorbitant number of automated calls to Plaintiff's cellular telephone (407) ***-0705 in an attempt to reach her business partner, Cedric Culpeper.

22. Plaintiff does not currently have any accounts or business dealings with CREDIT ONE BANK, N.A.

23. On several occasions over the last four (4) years, Plaintiff instructed CREDIT ONE BANK, N.A.'s agent(s) to stop calling her cellular telephone.

24. Plaintiff revoked her consent to be called by CREDIT ONE BANK, N.A. several times including but not limited to April 1, 2017 and April 4, 2017 by requesting that the calls stop. Specifically stating "Cedric Culpeper is not at this number. Stop calling me." Each call CREDIT ONE BANK, N.A. made to Plaintiff's cell phone after said revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

25. Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued after Plaintiff revoked her consent. Between April 1, 2017 and April 23, 2017, Plaintiff made a non-exclusive log of one-hundred twenty (120) calls she received from the Defendant. Due to the volume and time period over which she received automated calls, Plaintiff was not able to properly catalogue each and every call from the defendant, however attached hereto as **Exhibit A** is a small sampling.

26. Plaintiff estimates approximately two-hundred thirty (230) calls to her cell phone post-revocation.

27. The autodialer calls from Defendant came from telephone numbers including but not limited to (630) 405-5373, (510) 931-7479, (813) 321-0150, (813) 440-2834, (501) 408-4637, (443) 957-1953, (215) 789-4933, (412) 618-5519, (501) 408-4637, (904) 302-6246, (712) 560-4386, (312) 488-1662, (503) 360-1501, (813) 321-0806, (727) 475-6163, (973) 679-7576, (336) 308-0270, (614) 429-1901, (678) 608-2884, (404) 994-5151, (513) 729-7752, (706) 434-8325, (321) 710-4278, (786) 465-7302, (407) 988-2640, (910) 370-7131, (706) 940-5373, (336) 900-0154, (984) 329-3067, (813) 734-7696 and

when those numbers are called a pre-recorded voice or agent answers and identifies the number as belonging to CREDIT ONE BANK, N.A.

28. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to seven (7) times a day from approximately the first revocation through the filling of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

29. CREDIT ONE BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

30. CREDIT ONE BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CREDIT ONE BANK, N.A., to remove the number.

31. CREDIT ONE BANK, N.A.'s corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to CREDIT ONE BANK, N.A. they wish for the calls to stop.

32. CREDIT ONE BANK, N.A. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

33. CREDIT ONE BANK, N.A. has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

34. CREDIT ONE BANK, N.A. has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

35. CREDIT ONE BANK, N.A.'s corporate policy provided no means for the Plaintiff to have her number removed from the call list.

36. CREDIT ONE BANK, N.A. has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

37. None of CREDIT ONE BANK, N.A.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. CREDIT ONE BANK, N.A. willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

39. From each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

40. From each and every call without express consent placed by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from CREDIT ONE BANK, N.A.'s call.

41. From each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was

unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

44. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

45. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

46. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

47. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

48. CREDIT ONE BANK, N.A. willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CREDIT ONE BANK, N.A. that she wished for the calls to stop.

49. CREDIT ONE BANK, N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CREDIT ONE BANK, N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

50. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

51. At all times relevant to this action CREDIT ONE BANK, N.A. is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. CREDIT ONE BANK, N.A. has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

53. CREDIT ONE BANK, N.A. has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

54. CREDIT ONE BANK, N.A. has violated Florida Statute §559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist.

55. CREDIT ONE BANK, N.A.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CREDIT ONE BANK, N.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Amy M. Ferrera*
Amy Ferrera, Esquire
Florida Bar #: 15313
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
amferrera@forthepeople.com
afloyd@forthepeople.com
Counsel for Plaintiff